| | |
|---|---|
| District Court, Douglas County, Colorado<br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109<br>(303)663-7200 | |
| **Plaintiff:**   AURORA LOAN SERVICES LLC<br><br>**Defendant:**   A K I AMERICAN CAPITAL, INC a/k/a AMERICAN CAPITAL CORPORATION | . **COURT USE ONLY** |
| **Attorneys For Plaintiff:**<br>Daniel K. Calisher (No 28196)<br>Cynthia Treadwell Miller (No 28868)<br>Alison E. Zinn (No 36365)<br>Foster Graham Milstein Miller & Calisher LLP<br>621 Seventeenth St., 19th Fl<br>Denver, Colorado 80239<br>Phone: (303)333-9810<br>Fax: (303)333-9786<br>Email: Calisher@fostergraham.com<br>         CTM@fostergraham.com<br>         azinn@fostergraham.com<br><br>Justin D. Balser (No 34365)<br>Jonathan Musser (No 35479)<br>Aurora Loan Services LLC<br>*A Lehman Brothers Company*<br>10350 Park Meadows Drive<br>Littleton, Colorado 80124<br>Phone: (720) 945-3466<br>Email: jbalser@alservices.com<br>         jmusser@alservices.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff Aurora Loan Services LLC ("Aurora"), by its undersigned counsel, for its Complaint against Defendant, alleges the following:



## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Aurora Loan Services LLC ("Aurora") is a Delaware limited liability company, with a business address at 10350 Park Meadows Drive, Littleton, Colorado 80124

2. Defendant A K T American Capital, Inc d/b/a American Capital Corporation ("AKT") is a California corporation with a business address at 2121 Rosencrans Avenue, Sixth Floor, El Segundo, California 90245

3. AKT is engaged in the business of mortgage lending

4. This Court has personal jurisdiction over the parties hereto, *inter alia*, pursuant to C R S §13-1-124(1)(a)

5. This Court has subject matter jurisdiction herein.

6. Venue is proper herein pursuant to C R C P 98(c)

7. All conditions precedent to this action on the part of Plaintiff, if any, have been satisfied, waived, are futile, or have been prevented by Defendant

## GENERAL ALLEGATIONS

8. Aurora hereby incorporates by reference the allegations set forth above as though fully set forth herein

9. Lehman Brothers Bank, FSB ("LBB") is a federal savings bank

10. Lehman Brothers Holdings, Inc ("LBHI") is LBB's parent company.

11. LBB and LBHI engage in the purchase and sale of mortgage loans

12. Aurora is the authorized agent and/or servicer of LBB and LBHI with respect to certain mortgage loans, including those mortgage loans described in Paragraph 16 below

13. Pursuant to the aforementioned agency and/or servicing relationships, Aurora is authorized and directed to enforce obligations owed to LBB and/or LBHI by parties selling mortgage loans in which LBB and/or LBHI have an interest, including but not limited to the selling party's repurchase and indemnity obligations

14. On or about November 4, 2004 AKT entered into separate Loan Purchase Agreements with LBB and Aurora ("Purchase Agreements")

15  The Purchase Agreements both specifically incorporate the terms and conditions of the Aurora Seller's Guide ("Seller's Guide"), which sets forth additional obligations of AKT

16  Pursuant to the Purchase Agreements and Seller's Guide, AKT sold the following loans to Aurora and LBB:

| Loan Number | Property |
|---|---|
| 0032941874<br>0032942203 | 6730 Chimineas Avenue<br>Reseda Area, California |
| 0033292764 | 16583 Canyon Lake Lane<br>Fontana, California |

("Mortgage Loans")

17  Pursuant to the Purchase Agreements and Seller's Guide, and as a condition of loan purchase, AKT made a number of specific representations and warranties concerning the Mortgage Loans

18  Pursuant to the Purchase Agreements and Seller Guide, AKT represented and warranted that all underlying loan documentation and information for the Mortgage Loans ("Mortgage Loan File") was accurate, complete, not falsified and did not contain any untrue statement of fact or omission of fact necessary to make any statement therein not misleading.

19  Pursuant to the Purchase Agreements and Seller's Guide, AKT represented and warranted that the Mortgage Loans complied with all loan program parameters and underwriting guidelines.

20  Pursuant to the Purchase Agreements and Seller's Guide, Mega represented and warranted there was no circumstance or condition regarding the Mortgage Loans, the property securing the Mortgage Loans, and/or the borrowers that could reasonably be expected to cause any of the Mortgage Loans to: (a) become delinquent; (b) cause private institutional investors to regard the any of the Mortgage Loans an unacceptable investment; or (c) otherwise adversely affect the value or marketability of the Mortgage Loans

21  Pursuant to the Purchase Agreements and Seller's Guide, AKT also made various other representations and warranties concerning the Mortgage Loans

22  After the Mortgage Loans were purchased, Aurora discovered certain breaches of the representations and warranties made by AKT under the Purchase Agreements and Seller's Guide

23  With regard to Loan Nos. 0032941874 and 0032942203, AKT breached its representations and warranties because of misrepresentation of borrower debts and occupancy

24  Aurora provided written notice to AKT of these breaches

25  AKT refused or otherwise failed to repurchase the applicable Mortgage Loans as required by the Purchase Agreements and Seller's Guide

26  Pursuant to the Purchase Agreements and Seller's Guide, and as a condition of loan purchase, AKT expressly agreed to various specific continuing contractual obligations concerning the business relationship between the parties and the mortgage loans submitted by AKT for purchase

27  Pursuant to the Purchase Agreements and Seller's Guide, AKT expressly agreed to repurchase loans where the borrower failed to make the first monthly payment due the purchaser within 30 days of its due date ("First Payment Default")

28  After the Loan No 0033292764 was purchased, it went into First Payment Default

29  Early Payment Default of Loan No 0033292764 constitutes a breach of the Purchase Agreements and Seller's Guide.

30  Aurora provided written notice to AKT of this breach

31  AKT repeatedly refused or otherwise failed to repurchase Loan No 0033292764 as required by the Purchase Agreements and Seller's Guide.

32  The Mortgage Loans further went into default due to non-payment

33  To mitigate losses, Aurora has proceeded with foreclosure and liquidation of the properties securing the respective defaulted Mortgage Loans

34  Pursuant to the Purchase Agreements and Seller's Guide, AKT also expressly agreed to indemnify the purchaser for all losses sustained as a result of the breach of any obligation, representation or warranty of AKT concerning the Mortgage Loans.

35  Aurora further demanded that AKT fulfill its indemnity obligations regarding the Mortgage Loans

36.  AKT has refused or otherwise failed to honor its indemnity obligations relating to the Mortgage Loans as required by the Purchase Agreements and Seller's Guide

## FIRST CLAIM FOR RELIEF
### (Breach Of Contract - Damages)

37. Aurora hereby incorporates by reference the allegations set forth above as though fully set forth herein

38. The Loan Purchase Agreements, including the Seller's Guide, constitute a contract that is valid and binding upon AKT

39. As set forth herein, AKT breached the Purchase Agreements and Seller's Guide, among other things, by:

    a    Breaching its express representations and warranties concerning the Mortgage Loans as set forth herein;

    b    Selling Mortgage Loans that failed to satisfy the requirements of the Loan Purchase Agreements and Seller Guide;

    c    Failing to repurchase the Mortgage Loans as required by the Loan Purchase Agreements and Seller Guide;

    d    Failing to meet its indemnity obligations regarding the Mortgage Loans under the Loan Purchase Agreements and Seller Guide;

    e    Failing to satisfy its contractual obligations concerning First Payment Default

40. AKT's prior and continuing breaches of the Purchase Agreements and Seller's Guide have caused and continue to cause substantial damages recoverable by Aurora, in an amount to be proven at trial

41. Pursuant to the Purchase Agreements and Seller's Guide, Aurora is further entitled to an award of all reasonable attorneys fees and costs incurred in enforcement of AKT's obligations thereunder

## SECOND CLAIM FOR RELIEF
### (Specific Performance – Repurchase Obligation)

42. Aurora hereby incorporates by reference the allegations set forth in Paragraphs 1 through 36 above as though fully set forth herein

5

43. In the alternative, and with respect to those unliquidated Mortgage Loans that may qualify, Aurora seeks specific performance

44. The Purchase Agreements and Seller's Guide constitute a valid contract that is binding upon AKT

45. As set forth herein, AKT has breached the Purchase Agreements and Seller's Guide, by, among other things, refusing or otherwise failing to repurchase the Mortgage Loans

46. Conversely, Aurora and LBB substantially performed their respective obligations under the Purchase Agreements and Seller's Guide

47. AKT is capable of repurchasing the unliquidated Mortgage Loans at issue in this action

48. Due to the unique and specific nature of the Mortgage Loans and the real property securing the Mortgage Loans, Aurora has no adequate remedy at law for redress of AKT's breaches of the representations and warranties and breaches of its contractual obligations concerning these Mortgage Loans under the Purchase Agreements and Seller's Guide

49. Aurora is therefore entitled to an Order of this Court requiring specific performance by AKT of its repurchase obligations under the Purchase Agreements and Seller's Guide

50. Pursuant to the Purchase Agreements and Seller's Guide, Aurora is further entitled to an award of all reasonable attorneys fees and costs incurred in the enforcement of AKT's obligations thereunder.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

51. Aurora hereby incorporates by reference the allegations set forth above as though fully set forth herein

52. Aurora and/or LBB has conferred a benefit on AKT with the reasonable expectation of receiving the full value thereof

53. AKT was enriched at the expense of LBB and/or Aurora and the circumstances are such that equity and good conscience require AKT to return the full value of that benefit

### FOURTH CLAIM FOR RELIEF
(Declaratory Judgment Pursuant To C.R.C.P. 57 and C.R.S. §13-51-101 et. seq.)

54. Aurora hereby incorporates by reference the allegations set forth above as though fully set forth herein

55. The Purchase Agreements and Seller's Guide constitute a valid contract that is binding upon AKT

56. Aurora and AKT are interested parties under the Purchase Agreements and Seller's Guide

57. There is an actual controversy between Aurora and AKT regarding, among other things (a) whether AKT is required to repurchase certain unliquidated Mortgage Loans, (b) whether AKT is required to fully and immediately indemnify Aurora for all losses arising from or relating to the Mortgage Loans, including but not limited to all attorneys fees and costs relating thereto

58. The declaratory judgment or decree of this Court establishing the respective rights and responsibilities of the parties will serve to terminate the uncertainty and/or controversy as to the duties of the parties under the Purchase Agreement and Seller's Guide

59. Pursuant to C.R.C.P. 57 and C.R.S. §13-51-101 et. seq., Aurora requests an Order of this Court declaring that:

   a. AKT is required to repurchase immediately from Aurora and/or LBB certain unliquidated Mortgage Loans as set forth in the Purchase Agreement and Seller's Guide;

   b. AKT is required to indemnify immediately Aurora and/or LBB for all losses arising from or relating to the Mortgage Loans, including but not limited to all attorneys fees and costs relating thereto.

60. Pursuant to C.R.S. §13-51-114, Aurora is further entitled to an award of reasonable attorneys fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs request that judgment be entered in favor of Plaintiff and against Defendant on their claims as follows:

(1)   For all damages arising from or relating to Defendant's breaches of contract, in an amount to be proven at trial;

(2)   For a decree of specific performance requiring Defendant to immediately repurchase all unliquidated Mortgage Loans pursuant to the Agreement;

(3)   For the imposition of a constructive trust on the full amount of the benefit wrongfully retained by Defendant and an Order of this Court directing that the full value thereof be immediately conveyed to Plaintiff;

(4)   For an Order of this Court declaring that:

    a   Defendant is required to repurchase immediately from Plaintiff the unliquidated Mortgage Loans as set forth in the Agreement;

    b   Defendant is required to indemnify Plaintiff for all losses arising from or relating to the Mortgage Loans, including but not limited to all attorneys fees and costs relating thereto;

(5)   For all recoverable interest at the maximum rate allowed by applicable law;

(6)   For all reasonable attorneys fees and costs as provided in the Purchase Agreements and Seller's Guide; and

(7)   For such other and further relief as this Court deems just and proper

Dated this 23rd day of July, 2007

           FOSTER GRAHAM MILSTEIN
           MILLER & CALISHER LLP


           By:  /s/ Cynthia Treadwell-Miller
            Daniel K. Calisher
            Cynthia Treadwell-Miller
            Alison E. Zinn
            621 Seventeenth Street, Suite 1900
            Denver, Colorado 80293
            Telephone: (303) 333-9810

             Attorneys for Plaintiff
             Aurora Loan Services LLC

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signature(s) is maintained by Foster, Graham, Milstein, Miller & Calisher LLP and will be made available for inspection by other parties or the Court upon request.*

<u>Address of Plaintiff</u>:
Aurora Loan Services LLC
10350 Park Meadows Drive
Littleton, CO  80124