# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01760-EWN-BNB

AURORA LOAN SERVICES LLC,

        Plaintiff(s),

v.

A.K.T. AMERICAN CAPITAL, INC. a/k/a American Capital Corporation,

        Defendant(s).

## AGREED PROTECTIVE ORDER

The Parties stipulate and agree that this case involves claims relating to mortgage loans made to individual borrowers purchased and sold by the parties.  The underlying loan files contain personal and private information relating to the borrowers, which may be protected from disclosure by federal statute.  In addition certain contracts, agreements and other documents may include proprietary and confidential business information.

Good cause having been shown to support of the entry of a protective order to protect the discovery and dissemination of confidential information of any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced to date or to be produced in the future, answers to interrogatories, responses to requests for admission, deposition

      testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a), and a non-identical copy is a separate document within the meaning of this term.

3. All underlying documents and files originating from or relating to the individual loans at issue in this case ("Loan Documents") shall be deemed CONFIDENTIAL, without any need for specific designation thereof.  In producing Loan Documents, such Loan Documents should be identified by Bates Number Range, with a cover sheet listing the Bates Number Range of Loan Documents at issue, with language identifying the produced documents as being CONFIDENTIAL Loan Documents, covered by this Protective Order.

4. Documents which are not Loan Documents may be designated as "CONFIDENTIAL" if a party determines that it contains confidential business information or trade secrets ("proprietary" information);

5. Documents which are not Loan Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Case No. 07-CV-01760-EWN-BNB"

6. Documents, materials and Information either deemed CONFIDENTIAL or designated as CONFIDENTIAL (collectively, "CONFIDENTIAL information") shall not,

without the consent of the party producing it or by further Order of the Court, be disclosed to persons or entities other than the Court and its personnel, <u>except</u> <u>that</u> such information may be used as necessary to investigate and litigate the case and may be disclosed to:

    a.    the parties, their designated representatives, attorneys, and their staff working on the case;

    b.    deponents, witnesses, potential witnesses;

    c.    expert witnesses and consultants retained in connection with this proceeding;

    d.    copying or data input services;

    e.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

    f.    other persons by written agreement of the designating party;

7.    Prior to the disclosing of any CONFIDENTIAL information to any person listed in Para. 4 above (other than parties, their designated representatives, attorneys and their staff, videographers, stenographic reporters, and copying or data input services), counsel shall provide such person with a copy of this Protective Order, obtain such person's signature on the copy provided acknowledging that he or she has read this Protective Order and agrees to be bound by its provisions. The executed copy of the Order shall be retained by counsel, a copy provided to the disclosee, and the executed copy shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.    Whenever deposition testimony involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the

record during the deposition when possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the designating party's receipt of the transcript.

9. A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information, identifying the information to which the objection is made (by Bates numbers when possible). If the parties fail to resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL hereunder until the Court rules on the motion. If the designating party fails to timely file such a motion, the disputed information shall lose its designation as CONFIDENTIAL (at least as to that designee) and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.

10. Unless other arrangements are agreed upon by the designating party, at the conclusion of this case each document and all copies thereof that have been deemed or designated as CONFIDENTIAL shall be returned to the party that designated it, or the parties may elect to destroy such documents. This includes all documents or copies thereof disclosed to third parties under the provisions of Paragraph 4 above, and the party making such disclosure is responsible for ensuring return to the designating party of all CONFIDENTIAL documents

provided to any third party. Where the parties agree to destroy such documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by ~~the parties in writing, or by any party or~~ the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12. Any party seeking to submit CONFIDENTIAL documents to the Court for review, for example, in support of a motion or during an evidentiary proceeding, shall first consult with opposing counsel and attempt to reach an agreement with respect to the redaction of such CONFIDENTIAL portions of the document to allow the document to be filed or submitted as part of a public proceeding, without disclosing CONFIDENTIAL information. If no agreement is reached between the Parties as to acceptable redaction, and the party tendering the evidence insists on the unredacted document being part of the Court record, the tendering party shall tender any and all CONFIDENTIAL documents to the Court under seal, with an appropriate Motion to Seal, filed consistent with the provisions of D.C. COLO.LCivR 7.2. In advance of filing the Motion to Seal, the tendering Party shall communicate in good faith with the non-tendering Party so as to give the non-tendering party the opportunity to join in the Motion to Seal.

Dated October 3, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge