IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01760–EWN–BNB

AURORA LOAN SERVICES LLC,

    Plaintiff,

v.

A.K.T. AMERICAN CAPITAL, INC a/k/a
American Capital Corporation,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This dispute arises out of agreements entered into by Defendant A.K.T. American Capital, Inc. a/ka American Capital Corporation to sell certain mortgage loans to non-party Lehman Brother Bank ("LLB") and its non-party parent company, Lehman Brother Holding, Inc. ("LBHI"). Plaintiff Aurora Loan Services, LLC, alleges that it is the authorized agent and/or servicer of LBB and LBHI with respect to those mortgage loans. Plaintiff filed the instant lawsuit alleging Defendant breached three mortgage loan purchase agreements, that Defendant has been unjustly enriched by LLB, LBHI, and Plaintiff, and that Plaintiff is entitled to damages, specific performance, and declaratory judgment. This matter is before the court on Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction," filed August 28, 2007. Subject matter jurisdiction is alleged pursuant to 28 U.S.C. § 1332.

Defendant and the loans that are the subject of this dispute originated in California, which suggests to this court that it lacks specific jurisdiction over Defendant. (*See* Mot. to Dismiss, Ex. B ¶ 2 [Kirkpatrick Aff.] [filed Aug. 28, 2007].) However, Defendant is registered to do business in Colorado, which is a factor this court would consider in determining whether it may exercise general jurisdiction over Defendant. (*Id.*, Ex. B ¶ 15 [Kirkpatrick Aff.].) Defendant claims it registered to do business in Colorado on October 22, 2004 "for the sole purpose of brokering one residential loan in Colorado" for a "loan officer's sister." (*Id.*) However, Defendant, without explanation, admits that it has maintained its registration in Colorado with the Secretary of State through 2007. (*Id.*) Plaintiff argues Defendant's maintenance of its registration to be inconsistent with its stated reasons for registering. (Pl.'s Resp. to Mot. to Dismiss for Lack of Personal Jurisdiction at 14–15 [filed Oct. 1, 2007]. I agree. Thus, this court grants Plaintiff limited jurisdictional discovery regarding Defendant's contacts with Colorado. *Health Grades, Inc. v. Decatur Mem. Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (noting "the district court has broad discretion in determining whether to permit jurisdictional discovery").

Based on the foregoing it is ORDERED that:

1. Plaintiff may engage in limited discovery regarding Defendant's contacts with Colorado, to be completed by January 5, 2008.

2. Plaintiff may file a surreply within twenty days after completing discovery.

3. Defendant may file a sur-surreply within fourteen days after Plaintiff's surreply is filed.

Dated this 9th day of November, 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge